Robert BLUM et al., Appellants,

v.

SCHUYLER PACKING COMPANY and Spencer Foods, Inc., Appellees.

No. 74–1343.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1974.

Decided Dec. 31, 1974.

Judith A. Lonnquist, Jacobs, Gore, Burns & Sugarman, Chicago, Ill., for appellants.

Soren Jensen, Omaha, Neb., for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and MEREDITH, Chief District Judge.*

MEREDITH, Chief District Judge.

Plaintiffs appeal from a judgment rendered against them and in favor of defendants. The judgment was rendered after the case was submitted on a stipulation of the parties as to certain facts relating to the computation method used by defendants to determine the wages of the plaintiff-employees on the "kill floor" at defendants' meat packing plant at Schuyler, Nebraska. Under the terms of the stipulation, the cause was submitted to the district court for a determination of one limited question. Paragraph "A" of the stipulation is as follows:

This stipulation of facts, along with the briefs which will be submitted by the parties, is submitted to the Court for determination of the liability in one limited but overriding area, to-wit: The legality under the provision of the Fair Labor Standards Act of 1938 of paying employees on a computed gang time basis rather than on the basis of the time on their individual time cards, where the time reflected on the time cards is greater than computed gang time.

The dispute centers around the defendants' use of the "gang time" method for paying the employees on the kill floor. All other employees at the plant are paid according to their individual time cards. Time cards are kept for the kill floor employees, but the defendants state that these are used for recording attendance only, even though employees are carefully instructed in the use of the time clock and instructed not to punch in early or punch out late.

The stipulation indicates that the time cards are preserved by the employers, while the records of the data used to make the "gang time" computations are scanty, at best. The plaintiffs argue that the employees should be paid according to their time cards because they are the most accurate records of the individual time worked by each employee, and the failure of the defendants to keep records of the data that goes into the "gang time" computations is, in itself, a violation of the Fair Labor Standards Act [29 U.S.C. 211(c)], entitling them to the relief requested. Defendants argue that the district court was correct in holding that the plaintiffs had not met their burden of proof, under the Act, because they did not show that the employees had performed compensable work for which they have not been paid. This Court does not agree.

The final paragraph of the stipulation states:

Because of their inability to reach agreement on certain factual details,

---

* The Honorable James H. Meredith, Chief Judge, Eastern District of Missouri, sitting by designation.

the parties have purposely left ambiguities in this Stipulation of Facts to enable each party to argue its version of those factual details in its brief. However, the parties will supply the Court with such additional information as it shall request.

The stipulation, by its very terms, is not a complete statement of the facts of the case, as it leaves many facts still in dispute. Although no formal motion for summary judgment appears in the record, summary judgment was rendered by the district court. Rule 56(c), F.R. Civ.P., concerning summary judgment, states, in part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

This is not a case where there is no genuine issue of material fact. Therefore, rendering summary judgment on the record, which consisted of an incomplete stipulation, was error.

This Court is of the opinion that the record is insufficient to grant the requested relief to plaintiffs or to defendants. The parties should be given the opportunity to present evidence on the facts which have not been agreed upon or to present additional stipulations. Williams v. Chick, 373 F.2d 330 (8th Cir. 1967).

It is apparent that the parties sought by the submission of the stipulation to have the district court rule that a "gang time" method of computing compensable time was either valid or invalid, per se, under the Act. The district court properly held, in its memorandum opinion, that such a ruling could not be made. The court should have stopped there and required the parties to submit evidence or additional stipulations on the question of whether the "gang time" method, as used in this particular case, was in violation of the Act. However, the court went on to rule against the plaintiffs on the burden of proof issue. This, in effect, resulted in a holding that, since the plaintiffs were unable to get the defendants to stipulate to certain facts at issue in the case, they failed to carry their burden of proof. Such a result cannot be upheld. The stipulation did not contain enough facts for the district court to grant summary judgment in this case; therefore, it was error to do so. Bank of America Trust & Savings Assn. v. United States, 317 F.2d 859 (9th Cir. 1963).

Because summary judgment was granted in this case while there were still material facts in dispute, the judgment of the district court is vacated and the case remanded for further proceedings consistent with this opinion.